UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED COMMUNITY BANK, | ) | |
| | ) | |
| Plaintiff, | ) | 1:12-CV-401 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| BLYTHE PROPERTIES, WALTER DAN JONES, and JIM C. DYE, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

Before the Court is Plaintiff United Community Bank's ("Plaintiff") motion for partial summary judgment (Court File No. 34). Defendant Walter Dan Jones ("Jones") did not respond to Plaintiff's motion.[1] Defendants Blythe Properties ("Blythe") and Jim C. Dye ("Dye") failed to answer Plaintiff's complaint or file any other responsive pleading. The Clerk has entered default against these Defendants.

Plaintiff moves for summary judgment on its claims Blythe, Jones, and Dye breached a promissory note by failing to pay its indebtedness when the note matured, and Jones and Dye breached guaranty contracts for failing to pay the indebtedness when the note went unpaid. For the following reasons, the Court will **GRANT** Plaintiff's motion (Court File No. 34).[2]

---

[1] Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. E.D.TN. LR7.2. The Court notes Jones's counsel has previously failed to respond to a similar motion for summary judgment in another case in which he represented a defendant on a note. *RL BB ACQ II-FL Land 360, LLC v. Macland, 360, LLC*, No. 1:11–CV–285, 2013 WL 915205 (E.D. Tenn. Mar. 8, 2013).

[2] Although Plaintiff apparently moves for summary judgment against all three defendants in this case, the Court only grants the motion with respect to Jones, the only defendant who has made an appearance in this action. The better course with respect to Blythe and Dye is default judgment. A motion for default judgment is currently pending against Blythe and default has been entered against Dye.

**I.     FACTS AND PROCEDURAL HISTORY**

The following facts are established by evidence offered by Plaintiff. Plaintiff produces copies of the operative documents, which are attached to its amended complaint, as well as affidavits and depositions in support of its factual allegations. The Court is without the benefit of a response by Jones that would refute any of the evidence Plaintiff offers.

Plaintiff is a Georgia corporation with its principal place of business in Blairsville, Georgia (Court File No. 37, Jones Decl., ¶¶ 6, 7). Plaintiff also has offices in Cleveland, Tennessee, which is where much of the activity underlying the claims in this case occurred. Blythe is a Tennessee general partnership with its principal place of business in Tennessee. Blythe has two general partners: Jones and Dye. Jones is a citizen of Tennessee and Dye is a citizen of California (Court File No. 36, Warfield Decl., ¶ 5).[3] Plaintiff made financial accommodations to Blythe in the amount of $1,081,352.71 demonstrated by a promissory note dated March 12, 2007 (Court File No. 37-1). To induce Plaintiff to extend credit to Blythe, both Jones and Dye entered into guaranty contracts with Plaintiff, which were executed on the same day (Court File Nos. 37-2, 37-3). The note was secured by a Deed of Trust also dated March 12, 2007 pertaining to real property in Bradley County, Tennessee (Court File No. 37-4).

On February 12, 2012, Blythe defaulted on the note at which point Plaintiff accelerated the indebtedness (Court File No. 37, Jones Decl., ¶ 12). Plaintiff made demands against Blythe, Jones, and Dye on April 4, 2012 (Court File No. 37-5). After Defendants failed to pay the outstanding indebtedness, Plaintiff foreclosed upon the property under the Deed of Trust, which left a balance

---

[3] In Jones's answer, he posits that Dye is actually a citizen of Mississippi (Court File No. 15, Answer, ¶ 4). Regardless, the Court has diversity jurisdiction over this action.

2

due of $335,483.61 (Court File No. 37, Jones Decl., ¶¶ 13, 14). The outstanding balance continues to accrue interest and fees.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based merely on its allegations; it must submit significant probative evidence to support its claims. *See Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Should the non-movant fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should enter summary judgment. *Id.* at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

The Court is without the benefit of Jones's theory of the case due to his failure to respond to Plaintiff's motion. Dye and Blythe have failed to make an appearance in this action. In Plaintiff's motion, it argues it has established its entitlement to be paid on the note.

### A. Subject Matter Jurisdiction

The Court must first consider Jones's contention the Court lacks subject matter jurisdiction over this case. The basis for subject matter jurisdiction alleged in Plaintiff's complaint is diversity of citizenship pursuant to 28 U.S.C. § 1332, which provides federal court jurisdiction for controversies between citizens of different states when the amount in controversy exceeds $75,000. Jones does not dispute, the Court presumes, that Plaintiff is a Georgia banking corporation. Nor does Jones appear to dispute the amount in controversy exceeds $75,000. Based on the language of § 1332, the Court has subject matter jurisdiction over this case because it is a "civil action[] where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332.

Jones stated in his answer that diversity is lacking in this case because Plaintiff operates a branch of its business in Cleveland, Tennessee. A corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c). Because it is undisputed that Plaintiff is a Georgia corporation, the Court has jurisdiction over this action unless Plaintiff's principal place of business is Tennessee. A corporation's principal place of business is normally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). According to Terrie Jones, Plaintiff's Vice President, Plaintiff's principal

4

place of business is in Blairsville, Georgia where it directs, controls, and coordinates operations of the bank (Court File No. 37, Jones Decl., ¶ 6). There being no evidence in the record to refute this representation, Plaintiff has met its burden to establish that its principal place of business is in Georgia and it is therefore not a citizen of Tennessee. Accordingly, the Court concludes that it has diversity jurisdiction over this action.

**B. Note**

"In a suit on a note, the holder makes out a prima facie case by producing the note signed by the maker and by showing that there is a balance due on the note." *Ingram v. Earthman*, 993 S.W.2d 611, 631 (Tenn. Ct. App. 1998), *abrogated in part on other grounds by Fahrner v. SW Mfg, Inc.*, 48 S.W.3d 141 (Tenn. 2001), *as recognized in Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 461 n.25 (Tenn. Ct. App. 2012). Plaintiff has accomplished this here. Plaintiff has presented an affidavit stating Plaintiff is the holder of the note, (Court File No. 37, Jones Aff., ¶ 8), and Jones admitted as much in his answer (Court File No. 15, Answer, ¶ 8). Accordingly, Plaintiff has established a prima facie case of entitlement to payment.

Moreover, Jones has indicated no reason why he should not be held personally liable on the note. Blyth has failed to pay the indebtedness pursuant to the note. Under Tennessee law, general partners are personally liable, jointly and severally, for the partnership's debts. *Hardy v. Miller*, No. M1998-00940-COA-R3-CV, 2001 WL 1565549, at *4 (Tenn. Ct. App. Dec. 10, 2001) ("Because partnerships lack a separate legal identity, all partners are individually liable, jointly and severally, for the partnership debts.") (citing Tenn. Code Ann. § 61-1-114)[4]; *see also* Tenn. Code Ann. § 61-1-

---

[4] Section 61-1-114 was repealed and recodified at Tenn. Code Ann. § 61-1-306. Although some changes were made, no change is relevant here.

5

306(a) ("[A]ll partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."). Accordingly, Jones is liable for the outstanding balance on the note.

### C. Guaranty

The only defense evident from Jones's answer is that the guaranty lacked consideration. However, many courts recognize that, because "a partner is already a primary obligor on a partnership debt, . . . a partner cannot also be a surety or guarantor of a partnership debt." *Hardy*, 2001 WL 1565549, at *4; *see also Knox Cnty. v. Fourth & First Nat'l Bank*, 182 S.W.2d 980, 987 (Tenn. 1944) ("A partner, for instance, is not regarded as an acceptable surety for the debt of a firm of which he is a member."). Moreover, enforcement of the guaranty is unnecessary in light of the fact that Jones is a primary obligor on the note.

Accordingly, this defense listed in Jones's answer is immaterial. Jones is liable on the note.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's motion for summary judgment against Jones (Court File No. 34). Plaintiff also has a pending motion for default judgment against Blythe that the Court previously referred to the magistrate judge with instruction to conduct an evidentiary hearing. Given that Jones's liability will be for the same amount, the Court will also refer this matter to the magistrate judge to compute Jones's total indebtedness when he computes Blythe's.

**An Order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**